IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 2:13-cr-121 |
| | ) |
| TERRANCE LAMONT JOHNSON, | ) |
| Defendant. | ) |

## STATEMENT OF FACTS

If this matter had gone to trial, the United States would prove by admissible evidence and beyond a reasonable doubt the following:

1. On May 3, 2013, Chesapeake Police Officer B. Ring and Officer N. Kath pulled over a silver GMC truck (registered to Enterprise Rental Car) bearing Maryland tags, for speeding on Freeman Avenue in the city of Chesapeake. The defendant, TERRANCE LAMONT JOHNSON, was identified as the driver, and Ernest Cross was identified as the passenger. When asked for his driver's license, JOHNSON opened a storage area under the armrest, and pulled out a bag of sandwich baggies and a digital scale, both consistent with narcotics distribution. JOHNSON could not produce a license, and both he and Cross were later determined to have suspended licenses.

2. An inventory search of the vehicle was conducted, and officers found a crushed clear capsule containing heroin residue and a knotted clear plastic baggie containing heroin residue on the front passenger floorboard. Police recovered three cell phones belonging to JOHNSON from inside the rental vehicle. They also recovered $1,200 cash from Cross's left front pants pocket and a cell phone from his right front pants pocket. The cell phone from Cross contained several text messages that indicated Cross was selling heroin. One message stated, "I'm good for the 808," another said he had "caps," and a third stated that Cross would give someone a "fat dime," (street slang for $10 worth of narcotics). One of JOHNSON's three phones, a flip-phone bearing phone number (757) 779-8605 contained text messages indicating he was selling narcotics, including messages discussing deals he made or planned to make.

3. When the $1,200 cash was first recovered from Cross's pocket, JOHNSON stated the money was for his cousin who lived nearby, and that he and Cross were on their way to deliver it. While JOHNSON was saying this, Cross told him to be quiet. Cross then told the police he earned the money washing cars, but could not provide any verification of employment or legitimate income.

4. Before the vehicle was towed, a canine officer was summoned to the scene to search for further other hidden narcotics. Officer Samuel's dog alerted to the front driver's seat where JOHNSON was seated, however, no other narcotics were located in the vehicle.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: *(signature)*
Sherrie S. Capotosto
Assistant United States Attorney

After consulting with my attorney and pursuant to the plea agreement entered into this day between myself and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

*(signature)*
Terrance Lamont Johnson
Defendant

I am TERRANCE LAMONT JOHNSON's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

*(signature)*
Rodolfo Cejas, II
Assistant Federal Public Defender

2